IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIWON WHITE,

      Petitioner,

vs.

RICK HILL,

      Respondent.

No. 2:12-cv-748-LKK-EFB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 12, 1994, petitioner was sentenced to 7 years to life in prison for aggravated mayhem with the use of a weapon. Pet., ECF No. 1 at 1, 36. The instant petition challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on April 29, 2009. Petitioner asserts the following claims for relief: 1) the Board's decision to deny him parole violated his right to due process because the decision was not supported by "some evidence" that petitioner poses a danger to the public; 2) the Board's denial of parole converted petitioner's indeterminate sentence into a life sentence without the possibility of parole, which amounts to a disproportionate sentence and cruel and unusual punishment; and 3) the Board failed to award petitioner good conduct credits in violation of the Equal Protection Clause.

1

Respondent moves to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases for failure to state a cognizable claim and failure to exhaust his state remedies. This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See*, *e.g.*, *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default). For the reasons explained below, respondent's motion must be granted.

**I.    Due Process**

Petitioner argues that the Board's finding that he was unsuitable for parole violated his right to due process because the decision was not supported by some evidence that petitioner poses an unreasonable risk of danger to society. ECF No. 1 at 11-33. Petitioner contends that the Board relied on his commitment offense to deny him parole, which was insufficient given the passage of time and his acceptance of responsibility for his crime. *Id*. at 16-18. Respondent argues that petitioner's allegations fail to state a cognizable claim for relief. ECF No. 14 at 3-4.

Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. at 862-63 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in

advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 862.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. Indeed, petitioner concedes that the Board provided him the reasons he was found unsuitable for parole. *See* ECF No. 1 at 28, 30, 33.[1] The only argument petitioner advances in support of his due process claim is that the decision finding him unsuitable for parole was not supported by "some evidence." Petitioner's contention, even if valid, does not provide a basis for federal relief. Accordingly, petitioner is not entitled to relief on this claim.[2]

**II.     Conversion of Petitioner's Sentence**

Petitioner argues that the 2009 decision denying him parole has converted his indeterminate "life sentence into what can only be deemed to have become a maximum sentence of 'life without the possibility of parole' or, worse yet, a death sentence in prison . . . ." ECF No. 1 at 39. Petitioner contends that the conversion of his sentence violates many constitutional rights, including his right to be free from cruel and unusual punishment under the Eight Amendment. *Id*. at 42-43. Respondent does not address this claim in his motion to dismiss. Nevertheless, the claim lacks merit.

A criminal sentence that is not proportionate to the crime of conviction may indeed violate the proscription on cruel and unusual punishment in the Eighth Amendment. Outside of

---

[1] Respondent points out that although petitioner challenges the Board's 2009 decision denying him parole, petitioner, presumably by mistake, attached the transcript of a parole suitability hearing of another inmate. *See* ECF No. 1-2 (transcripts referring to inmate Dickey).

[2] Respondent claims that the instant petition challenges the Board's application of Marsy's law in deferring petitioner's next suitability hearing for 5 years. ECF No. 14 at 2. Although petitioner challenges the Board's finding "that a parole date should not be set for him within the following 3 years," petitioner does not actually challenge the application of Marsy's law. *See* ECF No. 1 at 26. Rather, petitioner simply contends that the decision to deny him parole was "not supported by and evidence of petitioner's danger to society." *Id*.

3

the capital punishment context, however, the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).

Petitioner was sentenced to a term of 7 years to life for aggravated mayhem with the use of a weapon. Such a sentence contemplates a potential life term in prison. At the 2009 parole suitability hearing, petitioner was denied parole, and his next suitability hearing was deferred for 5 years. ECF No. 1-1 at 5 (Ex. F). Should petitioner be found suitable at his next parole hearing, he will be released on parole. While petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence. Accordingly, petitioner's is not entitled to relief on this claim.

Petitioner's contention that he has received a disproportionate sentence because the Board erred by failing to consider the matrix of base terms set forth in the California Code of Regulations, does not change this finding. ECF No. 1 at 35-36. The Board was under no obligation to consider the matrix, or principles of proportionality and uniformity, at petitioner's parole hearing. The Board is only required to consider the matrix of base terms upon a finding that the inmate is suitable for parole. Cal. Code Regs. tit. 15, § 2282; *In re Dannenberg* 34 Cal. 4th 1061, 1091-94; *see also Sass v. Calif. Bd of Prison Terms*, 461 F.3d 1123, 1132 (9th Cir. 2006) ("The matrix is intended to ensure sentencing uniformity among those who commit similar crimes. Such considerations are, of course, inapplicable in the case of prisoners deemed unsuitable for parole."), *overruled in part on other grounds by Hayward v. Marshall*, 603 F.3d at 555 (citations omitted). Since the Board found petitioner unsuitable for parole, it was not required to consider the matrix or compare petitioner's term to other inmates committed for similar crimes.

/////

/////

4

**III.     Failure to Award Good Time Credits**

Petitioner further argues that the Board erred by failing to award him good time credits. ECF No. 1 at 36-37.[3]  In California, the California Department of Corrections and Rehabilitation ("CDCR") calculates an inmates minimum eligible parole date ("MEPD") and the Board determines the amount of time an inmate must serve prior to release on parole. *See* Cal. Code Regs. tit. 15, § 2400.  Inmates receive their initial parole hearing one year before the MEPD, and they continue to receive parole hearings until they are found suitable for parole.  Cal. Penal Code § 3041(a).

Once an inmate has been found suitable for parole, the Board determines the length of time a prisoner must serve prior to actual release on parole by setting a base term and then adjusting the term by accounting for aggravating or mitigating circumstances.  *Id*. at §§ 2282-2290, 2400, 2403-2409.  Once a prisoner reaches his MEPD, good time credits are not awarded until the inmate is found suitable for parole.  *Id*.

Petitioner's claim that he was denied good time credits has no merit.  At the time of the 2009 parole hearing, petitioner had already passed his MEPD. *See* ECF No. 1 at 85 (reflecting that petitioner reached his MEPD on August 18, 2004).  Since petitioner had passed his MEPD and was found unsuitable for parole at the 2009 hearing, there was no reason to calculate petitioner's good time credits. *See* Cal. Penal Code § 3041 (b) (stating that parole date cannot be fixed where the Board finds the inmate unsuitable for parole); Cal. Code Regs. tit. 15, §§ 2281(a) ("Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison"); *see also Cole v. Horel*, No. CIV S-06-850 MCE GGH P, 2007 WL 2221060, *4 (E.D. Cal. Aug. 1, 2007) ("if a prisoner's incarceration time passes his MEPD, and he has yet to be found *eligible for parole*, computation of time credits is

---

[3]  Respondent's motion also fails to address this claim.

5

meaningless-he will be released if and when found eligible, and then only after a computation of a release date under Board matrices") (emphasis in original).  Accordingly, petitioner's claim that the Board failed to award him good time credits at his 2009 parole hearing lacks merit.

## IV. Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 14, be granted;

2. The petition be dismissed; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  August 21, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6